FAEGRE BAKER DANIELS, LLP
Michael Jaeger (Bar No. 289364)
  michael.jaeger@FaegreBD.com
11766 Wilshire Boulevard, Suite 750
Los Angeles, California 90025
Telephone: (310) 500-2161
Facsimile: (310) 500-2091

*Attorneys for Third-Party CliftonLarsonAllen Wealth Advisors, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE P. CIUFFITELLI, for himself and as Trustee of CIUFFITELLI REVOCABLE TRUST, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DELOITTE & TOUCHE LLP; EISNERAMPER LLP; SIDLEY AUSTIN LLP; TONKON TORP LLP; TD AMERITRADE, INC.; INTEGRITY BANK & TRUST; and DUFF & PHELPS, LLC<br><br>Underlying Case: *Ciuffitelli v. Deloitte & Touche LLP, et al.* 3:16-cv-00580-AC (D. Or.) | CASE NO. 2:19-mc-00034<br><br>**DECLARATION OF EMILY L. SEYMORE IN OPPOSITION TO DELOITTE & TOUCHE LLP'S MOTION TO COMPEL NON-PARTY CLIFTONLARSONALLEN WEALTH ADVISORS, LLC**<br><br>Judge:<br>Date:<br>Time:<br>Place: |

1  I, Emily L. Seymore, declare as follows:

2  1. I am an attorney duly licensed to practice law in the State of Illinois. I am an associate attorney with the law firm of Faegre Baker Daniels, LLP, counsel for third-party and non-party CliftonLarsonAllen Wealth Advisors, LLC ("CLAWA") in connection with its response to a Subpoena issued to it by Deloitte & Touche LLP ("Deloitte") in the context of the above-captioned matter. I have personal knowledge of the facts set forth below and, if called as a witness in a court of law, could and would testify competently thereto.

2. Attached as Exhibit 1 is a true and correct copy of Dkt. No. 174 in the matter *Ciuffittelli, et. al. v. Deloitte & Touche LLP, et.al.*, No. 16-cv-00580-AC (November 28, 2016, D. Or.).

3. Attached as Exhibit 2 is a true and correct copy of Dkt. No. 242 in the matter *Ciuffittelli, et. al. v. Deloitte & Touche LLP, et.al.*, No. 16-cv-00580-AC (April 10, 2017, D. Or.).

4. Attached as Exhibit 3 is a true and correct copy of Dkt. No. 340 in the matter *Ciuffittelli, et. al. v. Deloitte & Touche LLP, et.al.*, No. 16-cv-00580-AC (August 1, 2018, D. Or.).

5. Attached as Exhibit 4 is a true and correct copy of Dkt. No. 448 in the matter *Ciuffittelli, et. al. v. Deloitte & Touche LLP, et.al.*, No. 16-cv-00580-AC (January 24, 2019, D. Or.).

6. Attached as Exhibit 5 is a true and correct copy of Deloitte's Subpoena to CliftonLarsonAllen Wealth Advisors, LLC, to Produce Documents, Information, Or Objects or to Permit Inspection of Premises in a Civil Action, dated August 25, 2018 (*hereinafter* the "Deloitte Subpoena").

7. Attached as Exhibit 6 is a true and correct copy of a letter from Emily L. Seymore, counsel for CLAWA, to Eric Chen, counsel for Deloitte, dated October 1, 2018, and regarding the Deloitte Subpoena.

DECLARATION OF EMILY L. SEYMORE IN OPPOSITION TO DELOITTE'S MOTION TO COMPEL
1

1    8. Attached as Exhibit 7 is a true and correct copy of a letter from Emily L. Seymore, counsel for CLAWA, to Eric Chen, counsel for Deloitte, dated October 12, 2018, and regarding the Deloitte Subpoena.

9. Among the documents produced by CLAWA and transmitted to Deloitte on October 12, 2018, were copies of individual investors' executed Subscription Agreements; these documents contained a provision titled "Representation, Warranties and Acknowledgements," located at ¶¶ 3, 3(h), a true and accurate representation of which is screenshotted and inserted below:

> *3. Representations, Warranties and Acknowledgements.* As an inducement to the Partnership to accept this Subscription Agreement, the Subscriber hereby agrees, represents, warrants and acknowledges to the Administrator, the General Partner and the Partnership as follows:
>
> (h) The Subscriber is investing in the Partnership solely on the basis of the Partnership Documents, irrespective of any other information which the Subscriber may have received from the Partnership or any Sponsor Party. The Subscriber understands that it may not rely upon, and affirms that in deciding to invest in the Partnership, it has not relied upon, any representations or other information (whether oral or written), including, without limitation, any forecast, exhibit, or any other marketing or analytical materials provided by the Partnership, any Sponsor Party, any of their respective employees or affiliates other than as set forth in the Partnership Documents. The Subscriber acknowledges that any such materials that may have been provided by a Sponsor Party, including without limitation through an electronic data room for potential investors in the Partnership, were provided based solely in reliance on the Subscriber's representations to the Sponsor Parties that the Investor has the knowledge, sophistication and experience in financial and business matters such that the Subscriber is capable, either alone or with the advice of its own financial, legal and tax advisors, of evaluating the merits and risks of an investment in the Partnership, and the Sponsor Parties and their respective affiliates, directors, officers, employees, advisors and other representatives make no representation as to the accuracy or completeness of any such information or as to its sufficiency or suitability for the Subscriber's purposes.

10. Attached as Exhibit 8 is a true and correct copy of Third-Party CliftonLarsonAllen's, Responses and Objections to Deloitte & Touche LLP's Subpoena to Produce Documents, Information, Or Objects or to Permit Inspection of Premises in a Civil Action, dated October 12, 2018.

11. Attached as Exhibit 9 is a true and correct copy of a letter from Emily L. Seymore, counsel for CLAWA, to Eric Chen, counsel for Deloitte, dated February 20, 2019, and regarding the Deloitte Subpoena.

12. Attached as Exhibit 10 is a true and correct copy of an email chain with subject line "Deloitte joint stip on motion to compel," and dated from March

4, 2019 to March 5, 2019, involving Michael Jaeger, David Porteous, and Emily Seymore, counsel for CLAWA, and Eric Chen and Gavin Masuda, counsel for Deloitte.

13. On or around the period between March 5, 2019 and March 11, 2019, following receipt of Deloitte's portions of the joint stipulation, in an effort to resolve this dispute without motion practice, CLAWA personnel again reviewed the Deloitte Subpoena. The same personnel confirmed that, to the extent the Subpoena requests to which CLAWA has objected are subject to reasonable construction (many being objectionable as vague and ambiguous), and giving those otherwise objectionable requests a reasonable interpretation, the burden on CLAWA to identify, collect, review, and produce the additionally-requested information, would be considerable. At a minimum, operations and compliance personnel believe that compliance with the various remaining requests, which almost universally seek historical records dating back as far as 2012, if not earlier, would require the devotion of time by multiple employees for a period of additional multiple work weeks to engage in efforts to locate, collect, review, and export potentially responsive materials, as well as impose a strain on CLAWA's IT and other systems where those documents are or would need to be maintained and/or collected. All of these efforts would be in addition to the employee and attorney time and expense that went into CLAWA's initial 6,100+-page production. The burden of these additional efforts on CLAWA would include, without limitation, disruption to CLAWA's regular business, loss of employee hours to focus on these efforts which would otherwise be devoted to CLAWA business, impact on IT and other system capacity across and servicing routine company needs, and the cost affiliated with these losses and any additional technical needs CLAWA would need to undertake in order to comply, such as utilization of an ESI vendor to receive, process, store, and export responsive ESI.

1 | I declare under penalty of perjury that the foregoing is true and correct.
2 | Executed on March 13, 2019 in Chicago, Illinois.

By: *Emily Seymore*
Emily L. Seymore