| | |
|---|---|
| FAEGRE BAKER DANIELS, LLP<br>Michael Jaeger (Bar No. 289364)<br>  m*ichael.jaeger@FaegreBD.com*<br>11766 Wilshire Boulevard, Suite 750<br>Los Angeles, California 90025<br>Telephone: (310) 500-2161<br>Facsimile:  (310) 500-2091<br><br>*Attorneys for Third-Party CliftonLarsonAllen Wealth Advisors, LLC* | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE P. CIUFFITELLI, for himself and as Trustee of CIUFFITELLI REVOCABLE TRUST, *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>DELOITTE & TOUCHE LLP; EISNERAMPER LLP; SIDLEY AUSTIN LLP; TONKON TORP LLP; TD AMERITRADE, INC.; INTEGRITY BANK & TRUST; and DUFF & PHELPS, LLC<br><br>Underlying Case: *Ciuffitelli v. Deloitte & Touche LLP, et al.* 3:16-cv-00580-AC (D. Or.) | CASE NO. 2:19-mc-00034<br><br>**DECLARATION OF DAVID W. PORTEOUS IN OPPOSITION TO DELOITTE & TOUCHE LLP'S MOTION TO COMPEL NON-PARTY CLIFTONLARSONALLEN WEALTH ADVISORS, LLC**<br><br>Judge:<br>Date:<br>Time:<br>Place: |

I, David W. Porteous, declare as follows:

1. I am an attorney duly licensed to practice law in the State of Illinois. I am a partner with the law firm of Faegre Baker Daniels, LLP, counsel for third-party and non-party CliftonLarsonAllen Wealth Advisors, LLC ("CLAWA") in connection with its response to a Subpoena issued to it by Deloitte & Touche LLP ("Deloitte") (*hereinafter* the "Deloitte Subpoena"), in the context of the above-captioned matter. I have personal knowledge of the facts set forth below and, if called as a witness in a court of law, could and would testify competently thereto.

2. On March 6, 2019, I participated in a telephone call, along with my colleagues Michael Jaeger, James Martignon, and Emily Seymore, each an attorney at Faegre Baker Daniels LLP and counsel to CLAWA, and Eric Chen and Katrina Rodarte, each an attorney at Latham & Watkins and counsel for Deloitte, during which counsel expressed the respective positions of their clients. During this phone call, I advised counsel for Deloitte that:

   a. CLAWA did not believe that Deloitte had complied with the local rules of the United States District Court for the Central District of California imposing a requirement to meet and confer with the opposing party to attempt to resolve discovery disputes before seeking to move to compel the production of discovery from the opposing party;

   b. CLAWA remained willing to meet and confer with Deloitte to attempt to resolve CLAWA's concerns regarding the Deloitte Subpoena and avoid the need for Deloitte to file a motion to compel; and

   c. should the parties be unable to resolve their differences, and should Deloitte continue to refuse to stipulate to the filing of its motion in the District of Oregon in the first instance, CLAWA intended to file a motion to transfer Deloitte's motion to compel

in the United States District Court for the Central District of California.

3. During the above-noted March 6, 2019 telephone call, counsel for Deloitte advised me that Deloitte was unwilling to stipulate to have the matter filed in the District of Oregon.

4. On March 8, 2019, I participated in a second telephone call, along with my colleague James Martignon, an attorney at Faegre Baker Daniels LLP and counsel to CLAWA, and Eric Chen, an attorney at Latham & Watkins and counsel for Deloitte, during which counsel remained unable to resolve their clients' differences. During this phone call, counsel for Deloitte again advised me that Deloitte was unwilling to stipulate to file its motion in the District of Oregon.

5. On March 13, 2019, counsel for CLAWA provided counsel for Deloitte with a copy of its sections to be included in the Joint Stipulation Regarding Deloitte & Touche LLP's Motion to Compel Non-Party CliftonLarsonAllen Wealth Advisors, LLC.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 13, 2019 in Chicago, Illinois.

By: _____
David W. Porteous